Henry **DVORKEN**, Individually and as Independent Executor of the Estate of Mary Hutchison, Margaret Dvorken, Suzann M. Dvorken, and Michael J. Dvorken, Appellants,

v.

**LONE STAR INDUSTRIES, INC.** and Pioneer Concrete of Texas, Inc., Appellees.

No. 2–87–023–CV.

Court of Appeals of Texas, Fort Worth.

Nov. 5, 1987.

Rehearing Denied Dec. 9, 1987.

Sherrill & Pace, D. D'Lynn Davison, Wichita Falls, for appellants.

Akin, Gump, Strauss, Hauer & Feld, Melinda G. Jayson, Dallas, and William A. Nobles, Decatur, for appellee Lone Star Industries, Inc.

Andrews & Kurth, Charles R. Haworth and Patrick E. Longan, Dallas, for appellee Pioneer Concrete of Texas, Inc.

Before FENDER, C.J., and JOE SPURLOCK, II and FARRIS, JJ.

## OPINION

FENDER, Chief Justice.

Appellants, Dvorkens, filed suit against appellees, Lone Star Industries, Inc. and Pioneer Concrete of Texas, Inc., seeking (1) a declaratory judgment as to the validity and continued existence of a lease agreement, (2) partial recission, termination, or cancellation of said lease and (3) damages for defendants' breach of said lease agreement. The trial court granted appellees' Motion for Summary Judgment solely on the grounds of limitations.

We reverse the trial court's entry of summary judgment for appellees and remand to the trial court.

Appellants are successors in interest, as lessors, in a lease agreement dated September 25, 1964, with appellee Lone Star Cement Corporation, as lessee. Appellee Pioneer Concrete of Texas, Inc., is successor in interest to Lone Star Cement Corporation. The lease provides a term of twenty years beginning February 19, 1965, and ending on February 18, 1985, "or until the earlier removal of all of the sand, gravel and stone which Lone Star deems commercially practicable to remove from the Tract." The lease also provides a further twenty year option extending said term. In consideration for the lease, lessors receives a $.05 per net cubic yard royalty with an annual $6,000.00 paid as rental and compensation for said lease. To date, lessees have not instituted any removal operations on the lease tract.

Appellants asserted in the trial court that appellees breached the lease agreement by their failure to develop the tract prior to the extension date of the lease, and that the lease option could not now be exercised. Appellees filed answers denying such allegations and asserting that, among other things, the appellants' claims were barred by the applicable statute of limitations. The trial court granted appellees' motion for summary judgment on the grounds of limitation.

Appellants' complaints on appeal primarily fall into three categories: (1) the evidence fails to establish, as a matter of law, that limitations bar all claims of appellants against appellees, (2) the lease term could not be extended due to appellees' failure to develop the lease tract and (3) appellees breached their duty to reasonably develop the lease tract. We find it necessary only to address appellants' first category of complaint: whether the statute of limitations is the proper basis for the disposal of said cause.

In a summary judgment case, the issue on appeal is whether the movant met his burden for summary judgment by establishing that there exist no genuine issue of material fact and that he is entitled to judgment as a matter of law. *City of Houston v. Clear Creek Basin Authority*, 589 S.W.2d 671, 678 (Tex.1979); TEX.R. CIV.P. 166–A. The burden of proof is on the movant, and all doubts as to the existence of a genuine issue as to a material fact are resolved against him. *Great American R. Ins. Co. v. San Antonio Pl. Sup. Co.*, 391 S.W.2d 41, 47 (Tex.1965). Therefore, we must view the evidence in the light most favorable to the nonmovant. *See id.* Every reasonable inference from the evidence must be indulged in favor of the non-movant and doubts resolved in his favor. *Montgomery v. Kennedy*, 669 S.W. 2d 309, 311 (Tex.1984).

█ Under Texas law, actions for the recovery of royalty payments and for the failure to develop a mineral lease based upon contractual rights are subject to the general four-year statute of limitations. *Powell v. Danciger Oil & Refining Co., of Texas*, 134 S.W.2d 493, 499 (Tex.Civ.App.— Fort Worth, 1939), *rev'd on other grounds*, 137 Tex. 484, 154 S.W.2d 632 (1941); TEX. CIV.PRAC. & REM.CODE sec. 16.051 (Ver-

non 1986). Appellants concede that the four year statute of limitations apply but urge that appellees' breach of the implied covenant of reasonable development was a continuing breach not barred by the limitations. We will not rule on the issue of whether an obligation to develop did indeed actually exist.

Appellants' summary judgment evidence avers that the breach of a continuing covenant by appellees causes the accrual of the cause of action to occur each day that there was a breach. *See Intermedics, Inc. v. Grady, M.D.,* 683 S.W.2d 842, 843 (Tex. App.—Houston [1st Dist.] 1984, writ ref'd n.r.e.); *Alexander & Polley Construction Co. v. Spain,* 477 S.W.2d 301, 303 (Tex.Civ. App.—Tyler 1972, no writ); *Sims v. Falvey,* 234 S.W.2d 465, 472–73 (Tex.Civ.App. —Beaumont 1950, writ ref'd n.r.e.) (on motion for reh'g). The record reflects that appellees have failed to commence removal to date, which could constitute a day to day breach to reasonably develop the tract, if such a duty existed. If a continuing breach has occurred then appellants would be entitled to damages from four years prior to the filing of their original petition, August 8, 1985, to the date of trial. *See id.* Therefore, such claims arising after August 8, 1981, would not be barred by limitations. We find that a genuine issue of material fact exists as to whether an expressed or implied continuing obligation to develop the said land exist. Until such a determination is made, the trial court's granting of a summary judgment based on the applicable statute of limitations is inappropriate.

We reverse the summary judgment and remand the cause to the trial court.